## UNION GAS & ELECTRIC CO v CROUCH

Ohio Appeals, 1st Dist, Hamilton Co
No 3607. Decided Feb. 3, 1930

Belsinger & Black, Cincinnati, for Gas &
Electric Co.

D. T. Lyttle and Roettinger & Roettinger,
Cincinnati, for Crouch.

HAMILTON, J.

Mrs. Crouch, the wife of Crouch, testified substantially as follows: At a quarter after one they were going home with Mr. Callahan in the truck driven by him, and repeated "we were going to go home".

The important question in the case is whether or not Callahan at the time of the accident was engaged in the master's business.

The evidence discloses wilful and wanton negligence on the part of the driver Callahan. It is admitted he was the regular employe in charge of the truck, and was in his territory at the time.

Callahan, for the defense, testified, as did Mrs. Buschlie, that they all got in the truck to go about three miles to a restaurant to get some sandwiches, after which they were going to return to the Buschlie home to eat the sandwiches.

This is in substance all of the admitted evidence bearing on the question of whether or not Callahan was at the time engaged in his master's business, and whether what he was doing was within the scope of his employment.

Something is claimed by the defendant in error for the legal presumption as follows: It being admitted that at the time of the accident the truck was in charge of Callahan, whose duty it was to operate it, and he being regularly in possession and use of the same, with the consent and knowledge of the owner, the presumption is raised that Callahan at the time was acting within the scope of his employment, citing **Rad, Jr. v. Gamble, 13 Oh App 488.** While this is a correct rule of law, it has no application here, for the reason that there is no necessity for invoking the rule of presumption, as the evidence is direct.

The evidence admitted permits of but one of two constructions: Either that Callahan was taking the plaintiff and his wife home; or, they were going to the restaurant to get sandwiches. In neither event, would this supply evidence tending to prove that Callahan at the time was engaged in the service of his master.

While it is the law that where a servant combines his own with his master's business, and does not wholly abandon his service to the master, the master may be held, the evidence does not disclose this situation in the instant case. In so far as the plaintiff's admitted evidence is concerned, the only business in which Callahan was engaged at the time was taking the Crouches to their home. On this evidence, the court should have instructed a verdict for the defense. However, it appears from the record that the plaintiff Crouch was asked this question:

"Q. At the time of leaving the Buschlie home, what if anything did Callahan say to you, Mrs. Crouch and Mrs. Buschlie that he was going to do on his way?

(Objected to by counsel for defendant, objection sustained, and counsel for plaintiff excepted.)"

Whereupon the following tender was made:

"Mr. Roettinger:

We expect to prove that the witness would say that Callahan said that he would have to stop on the way and repair a light which was out in the vicinity of Eighth and State Avenue."

Again, Mrs. Crouch, the wife of plaintiff, while on the witness stand, was asked this question:

"Q. Now, state whether or not at the time you were leaving the Buschlie home Mr. Callahan said anything in your hearing as to whether or not he had to repair a light on the way between the Buschlie and your home?

(Objected to by counsel for defendant, objection sustained, and counsel for plaintiff excepted.)"

Whereupon the following tender was made:

"Mr. Roettinger:

We expect the witness would say that Mr. Callahan said that he would take the Crouches home, but on the way he had to stop and repair a light."

If this evidence had been testified to and admitted, it would have tended strongly to show that Callahan was not abandoning his master's business at the time.

The evidence is, that the direction which Callahan took was toward the place where the light was reported to be out at Eighth Street and State Avenue, was within Callahan's territory and was not the most direct route to the home of Crouch. Had the evidence as tendered been admitted, it would have tended to show that Callahan was going over these streets in the service of his master, and but turned aside from his employment in order to' deliver the Crouches at their home. The accident happened while on the way to and before arriving at the place where the reported light was out. The way Callahan was going, coupled with the declared intention of going that way on the master's business, would be strong corroborative evidence of Callahan's being engaged in the service of the master at the time.

On what ground the court excluded this evidence, does not appear from the record. The declaration of intention was not hearsay. It was the declared statement of Callahan, the employe, as to what business he was starting out on, and was a part of the res gestae as to the business in which he was about to engage. Its admission would not violate the rule that an employe may not make unauthorized declarations which would impute negligence on the part of the employer. This is not that case. The evidence but tended to show a purpose, and the statement of purpose was immediately followed by actions showing an intention' to carry out his declared purpose.

It was held in the case of **Patton Motor Trucking Co. v. Knapp, 25 Oh App 89,** that admissions made by a truck driver, immediately after being in collision, that he was on the wrong side of the street or road, were properly admitted as part of the res gestae.

In the case of **Rogers v. French-Bros.**

Bauer Co., 31 Oh App 77, this court held that evidence of a police officer as to admissions of parties in the machine, limiting it to the issue of who was drving, was admissible.

We are of opinion, therefore, that the questions were proper and should have been admitted, and their exclusion constituted prejudicial error. Without this evidence, plaintiff failed to prove that, at the time of the accident, Callahan was acting within the scope of his employment. With this evidence in, as to Callahan's declared intention, followed by other facts as heretofore stated, a case would be made out to go to the jury.

The judgment will, therefore, be reversed, and the cause remanded for a new trial.

Cushing, PJ, and Ross, J, concur.